UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~

PERRY F. MOTOLO,

                     Petitioner,

                                            9:10-CV-0533
               -vs.-                               (DNH)

WARDEN,

                     Respondent.

~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                          OF COUNSEL:

PERRY F. MOTOLO
Petitioner, *pro se*
60426-050
FCI Fort Dix
P.O. Box 2000
Housing Unit 5811
Fort Dix, NJ 08640

DAVID N. HURD
United States District Judge

## **DECISION AND ORDER**

Petitioner Perry F. Motolo ("Motolo" or "petitioner") has filed an affidavit which is now ready for review. *See* Dkt. No. 4 ("Affidavit"). The affidavit submitted by petitioner is in response to a May 17, 2010 Decision and Order ("May Order"). The May Order noted that the pleading Motolo previously filed in this action should be viewed as a motion brought pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction in the Northern District of Indiana.[1] *See* May 17, 2010, Decision and Order (Dkt. No. 3) at pp. 2-3.[2]

---

[1] Petitioner was apparently convicted of, *inter alia*, attempted tax evasion, failure to file required tax returns, and fraud. *See* Petition (Dkt. No. 1) at ¶ 8.

[2] In the May Order, this Court noted that the present action "plainly challenges the propriety of the convictions and sentences imposed on [Motolo] by the federal district court in the Northern District of Indiana." *Id.* at pp. 2-3.

However, prior to transferring this action to the Northern District of Indiana as a 2255 motion, petitioner was afforded the option of either: (1) withdrawing this matter; or (2) consenting to the conversion of this action to a motion to vacate pursuant to 28 U.S.C. § 2255, and the subsequent transfer of this action to that District.  *See* May Order at p. 4.

In the affidavit filed in response to the May Order, petitioner states that he does not consent to the withdrawal of this action, and further, that he does not consent to the recharacterization of this matter as one brought pursuant to 28 U.S.C. § 2255. *See* Affidavit at ¶ 8.  Rather, it appears that he wishes the substance of his challenges to the propriety of his conviction in the Northern District of Indiana be considered by this Court. *See generally* Affidavit.[3]

However, as noted in the May Order, actions that challenge the propriety of a federal conviction are properly brought in the District where the petitioner was sentenced. *See* May Order at p. 2.  Furthermore, notwithstanding Motolo's desire to have this Court consider the claims he has asserted in this action, it is clear that the propriety of his conviction in the Northern District of Indiana may not properly be ruled on by this Court. *See Simon v. Nalley*, No. 02-CV-1255, 2003 WL 22240588, at *4 (N.D.N.Y. Sept. 22, 2003) ("a collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced the petitioner") (citations omitted) (Sharpe, M.J.). Thus, it is clear that this matter cannot proceed in this District.

---

[3] In his affidavit, Motolo asserts claims which call into question the propriety of his conviction in the Northern District of Indiana.  *See*, *e.g.*, Affidavit at ¶¶ 14 (petitioner arguing that decisions of the United States Supreme Court "hold in direct opposite of the judgment which was rendered" in the Northern District of Indiana); 19 (claiming that the Internal Revenue Service and the United States did not have jurisdiction over petitioner in the criminal matter); 23 (asserting that the criminal prosecution in that District was "motivated by [the] improper purpose of interfering with the constitutionally protected rights" of Motolo); and 27 (his criminal conviction has caused him "immediate and irreparable harm").

However, since Motolo has specifically informed this Court that he does *not* wish to have this matter construed as an action brought pursuant to 28 U.S.C. § 2255, *see* Affidavit at ¶¶ 8-10, the action will be dismissed without prejudice to him commencing a § 2255 action in the Northern District of Indiana.

THEREFORE, it is

ORDERED, that

1. This action is DISMISSED WITHOUT PREJUDICE;

2. The Clerk is directed to serve a copy of this Order on petitioner by regular mail.

IT IS SO ORDERED.

Dated: June 9, 2010
       Utica, New York.

_____
United States District Judge